GREENE et al. v. UNITED STATES et al.

United States District Court
S. D. New York.
May 12, 1952.

———◆———

Silas B. Axtell, New York City, Richard Gyory, New York City, of counsel for libellants.

Myles J. Lane, U. S. Atty., New York City, Martin J. Norris, Attorney, Department of Justice, New York City, for respondents.

WEINFELD, District Judge.

The libel in this suit for salvage was filed by Captain Leonard J. Greene, master of the SS William Meredith on behalf of himself and her crew members and officers, all of whom were designated as co-libellants.

The Captain died during the pendency of this suit. The present motion is to substitute William Kimes, the Chief Second Mate, who was second in command, in his stead as libellant both in his own behalf and for the other crew members.[1]

The Government opposes the motion on the grounds that (1) the crew members have not authorized Kimes to act as their representative in this suit; and (2) the suit is a class action which may not be brought against the United States.

It has long been the rule in admiralty that to avoid multiplicity of suits, a salvage suit may be brought by a master on behalf of himself and the members of his crew. The Blackwall, 10 Wall. 1, 19 L.Ed. 870; Castner, Curran & Bullitt, Inc., v. United States, 2 Cir., 5 F.2d 214; Holmes v. City of New York, 2 Cir., 30 F.2d 366; 2 Benedict on Admiralty, Sixth Edition, §§ 249, 250. With the death of the Captain, who acted as the representative of the crew members, their claims did not abate. The implied authority to act on behalf of the men in the prosecution of their claims then passed to the next in command—in this case the Chief Second Mate—just as he would have exercised authority to take command of the vessel in the event of the Captain's death during the ship's voyage.

The fact that the crew members, or some of them, may not expressly have authorized Kimes to sue on their behalf, does not preclude him from continuing the suit as their representative. A captain or other person standing in the same relationship to the crew acts on the basis of implied authority in bringing a salvage suit. In the instant case, the libel had attached to it the list of crew members and officers for whom the Captain purported to act. This is the better practice but it would have been sufficient if the Captain had asserted that it was brought on behalf of the officers and crew without naming them. The Flottbek, 9 Cir., 118 F. 954, 958. "But even if the names did not appear, the court would have had the power to award a specific sum for their services, and retain the money in court, until proper steps were taken to ascertain their names." The Flottbek, supra; Castner, Curran & Bullitt, Inc., v. United States, supra; The Camanche, 8 Wall. 448, 19 L.Ed. 397.

Of course, a suit may not be continued against the wishes of the crew members. Whether or not they acquiesced or ratified in the bringing of the suit or repudiated it either because of unwillingness to participate or preference to bring separate suits[2] is for determination upon the trial. See Kovell v. Portland Tug & Barge Co., 9 Cir., 171 F.2d 749; Knowles v. War Damage Corporation, 83 U.S.App.D.C. 388, 171 F.2d 15, 18, certiorari denied 336 U.S. 914, 69 S.Ct. 604, 93 L.Ed. 1077.

The Government next contends, relying upon the principle that statutes authorizing suits against the United States must be strictly construed in its favor, United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 that since the Suits in Admiralty Act does not expressly provide for the bringing of a class suit, the substitution should not be allowed.

The Suits in Admiralty Act "was intended to impose on the United States the same liability (apart from seizure or arrest under a libel in rem) as is imposed by the admiralty law on the private shipowner."

---

1. A prior motion to substitute the administratrix of Captain Greene was granted to the extent of substituting her in his place but not on behalf of the others.

2. Which may subject them to payment of costs since the policy of the Admiralty Courts is to encourage a single libel to recover upon a salvage claim. The Henry Ewbank, 1833, 11 Fed.Cas.No.6,376; Holmes v. City of New York, supra.

United States v. The Australia Star, 2° Cir., 172 F.2d 472, 477. Further, the Act provides that suits against the United States "shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties." 46 U.S. C.A. § 743.

Thus, in a salvage suit against the United States the usual and traditional rules of admiralty both as to procedure and substance are to be applied. Indeed, it has been said that the Suits in Admiralty Act, which permits salvage suits against the United States,[3] contemplates "an ordinary suit in admiralty for salvage." Castner, Curran & Bullitt, Inc., v. United States, supra, 5 F.2d at page 216.

It appears, therefore, that this suit is properly brought and may be continued and prosecuted by the Chief Second Mate as chief libellant on behalf of himself and the other members of the crew.

The motion is granted.

Settle order on notice.